Appeals for the Ninth Circuit is now in session. Thank you all for your patience. We will resume our calendar. The next four cases on calendar have been submitted on the briefs. Martinez-Mendoza v. Garland, Lillard v. Hendricks, Sanchez-Bautista v. Garland, and Contreras-Sandoval v. Cain. The next case on calendar for argument is United States v. Malone. Counsel for appellant, please approach. Good morning. Good morning, Your Honors, and may it please the Court. My name is Dennis Benjamin. I'm pleased to be here on behalf of Mr. Malone today. I'd like to reserve five minutes for rebuttal, if I may. Your Honors, the judgment in this case should be vacated and the case remanded for a new trial. At the same time, the court below erred by allowing 404B evidence to be introduced against Mr. Malone. It also erred by excluding relevant evidence about X and by restricting cross-examination. In addition, the government informed the jury during closing arguments that Mr. Malone was a registered sex offender, even though the trial judge had bifurcated the sex offender sentencing enhancement trial to avoid unfair prejudice. These errors both individually and cumulatively deprived Mr. Malone of a fair trial. Before you get into the details of the case, there are materials in this case that are under seal. Neither of the parties have asked us to close the proceedings. Is there anything that we need to be aware of as we go through this argument with regard to sealed information? Your Honors, the sealed information that is relevant to my mind is in the third volume of our excerpts of record. So I think that you should have everything that you need in the third volume. Right, but in terms of publicly discussing matters, if it's in your brief, in my view, it's public. And so we could discuss anything that's in your brief. I agree with that, Your Honor, and I have been very careful to be circumspect in that regard. First, if I might turn to the 404B evidence, the court allowed evidence of a prior Oregon conviction for third-degree rape. The fact of the conviction itself doesn't fall within any of the permitted purposes under 404B. The offense of conviction in this case in Oregon State statute is a strict liability crime. So Oregon did not need to prove that Mr. Malone had knowledge of the victim's age in that case. And Mr. Malone, in his guilty plea colloquy, did not admit to that knowledge as part of the guilty plea. Now, I take a step back and note for the court that we conceded in opening argument all the elements of the crime, other than his knowledge that X was under the age of 18. We made that clear to the government in our pretrial briefings and our trial briefings as well. So the court knew that knowledge was the only possible permitted purpose under 404B. But the fact of a conviction itself does not prove knowledge because knowledge is not an element under the Oregon statute. If we were to agree with you, I mean, I think you have a rational argument on that point. But I'm trying to figure out why wouldn't that be harmless error if it was error? Well, it's not harmless error because a conviction is a badge of approbation. It is like when they would label Mr. Malone as a registered sex offender. Having a conviction is something quite different than engaging in the behavior. But what was already of record was all of the facts that led to that, I mean, you know, sort of the situation that led to that conviction. And I believe that the defendant even testified about, you know, undergoing sex offender treatment. So whatever sting knowing that a conviction resulted would have seems to be dissipated by other evidence that was before the jury. Well, that's certainly the government's argument, and I take the government's in your point. But my point is that the conviction itself should not have been admitted, nor the underlying facts of either of the two instances because neither of those instances tended to prove knowledge, which was the only disputed element in the case. There is an argument to be made if the conviction is the only erroneously admitted piece of evidence that that might be harmless. I take your point on that, but it's not that. It's a constellation of factors. The fact of the conviction, the fact of the registered sex offense, and the facts underlying the two cases are all the reasons why none of that should have been admitted. And if you take that into consideration along with the evidence that we had to dispute the government's evidence or assertion of knowledge, which we could not introduce, the jury never heard that. It's a very close case in my view. The reasons why the facts underlying the Oregon conviction aren't relevant is, first, that the judge admitted the evidence under a modus operandi theory, but modus operandi goes to intent and identity, neither of which were disputed in this case. No one disputed that Mr. Malone was not the person who had contact with X or the undercover agents. No one disputed that Mr. Malone intended to have sex with X. Those were not issues at trial. The only issue was, did Mr. Malone know, learn after being told by X that she was 19? Did he learn that she was under 18? So the government in its briefing doesn't attempt to defend the district court's decision about modus operandi. Instead, the government wants to argue that under a different theory. Now, the government argues that conduct with these other juveniles demonstrated a sexual interest in teenage girls. It was thus relevant and probative in establishing that the defendant enticed X to engage in sexual acts while knowing she was a juvenile. That's from the government's brief at page 28. But that's just another way of saying the evidence tended to prove Mr. Malone's character in order to show on a particular occasion he acted in accordance with that character, which is exactly what is prohibited by Rule 404B1. In addition, the government argues that this is evidence of enticement, which is another irrelevant consideration in this. Why is that irrelevant? It's irrelevant because enticement could only go to the intent to have sex, which was not a disputed element at trial. Well, right, but we have case law, particularly the old chief case from the Supreme Court, that says that just because the parties stipulate to an element doesn't mean that the person, the government with the burden of proof can't present evidence about that element. I mean, a stipulation doesn't dictate how the case gets tried. Oh, I agree, Your Honor. That is true. But where the district court falls down, I think, in this instance, is that once you get through the 404B analysis, that's just the beginning. Then the court has to engage into a 403 analysis, determining whether the prejudicial effect outweighs the probative value. Now, in this case, the district judge knew that we had conceded all the elements of the crime except for knowledge. So, in that case, the calculation that the district court needs to engage in is to weigh whether the prejudicial effect of this enticement argument that was made by the state, that prejudicial effect, the prejudicial effect is outweighed because there's no probative value to an element that we've conceded in front of the jury. Your Honor. Counsel, if I take your point that this evidence could only outweigh a prejudicial effect if it would tend to show knowledge, what about the fact that it shows that Mr. Malone had experience with girls age 14 to 15 and therefore would know, be able to understand that the victim here was in that age range, familiarity with how they look, familiarity with how they dress, how they act, that it would be less plausible that he didn't know that she was 14 or 15? Well, that's not an argument that's ever been articulated before, but I think it's interesting. The evidence in this case, Mr. Malone is 30 years old. The evidence in this case is that he had sexual relationships when he was a teenager from 17 until 19 with 14 and 15-year-olds. So I suppose it has some small probative value and he knows what 14 and 15-year-olds look like. Of course, everyone who's been to junior high knows what a 14 and a 15-year-old look like, so I think the value of that is extremely slight. Not necessarily to the same degree. Not necessarily to the same degree of his knowledge. Well, I mean, the fact that you had sexual relationships with someone who was 14 or 15 a decade ago, I don't think that increases your ability to understand what a 14 and 15-year-old looks like now. It's not the fact of the sexual activity that makes you be able to identify someone who's young. It's the fact of having any contact with him at all. The nature of the contact, sexual or non-sexual. Every junior high English teacher knows what a 14 or a 15-year-old looks like, but certainly that doesn't have no probative value that they have knowledge of. They've had sex with their students. So I don't think the fact that he knew 14 and 15-year-olds sometime in his life, I guess that evidence might be relevant. The fact that he had sex with them doesn't prove anything. And it also would depend on how X looks. Does X present as a 14 or a 15-year-old as we knew them a decade ago or more? So that seems to be a theoretical point, but not really a point that would resonate. I don't think that would resonate with the jury, and certainly the government did not argue that. The government argued pure propensity in its closing argument. Is that something, while we're reviewing the district court's decision for abuse of discretion, before that occurred? The government makes it clear in its moving papers that it intends to argue propensity. The part of the government's brief that I just quoted is similar to the government's brief on the government's motion to admit the 404B evidence. So the judge was aware at that time. If I might turn to the 412 evidence, if I might, there was two sources of evidence, or two general categories of evidence that we weren't able to give to the jury. The first was that X had tried to run away several times before and after the incidents with Mr. Malone. The government used this runaway evidence, and again, they made this clear prior to trial, to show that Mr. Malone enticed, that somehow X was particularly vulnerable, and Mr. Malone seized upon that because she was a runaway. In particular, the court excluded an episode of a runaway attempt with a fellow from Ohio. In that instance, X lied about her age on a social media site and enticed this fellow from Ohio to drive from Ohio to Idaho and pick her up and drive her all the way to Nebraska. Your Honor? You've exceeded your time, counsel. We'll give you a minute for rebuttal. Thank you so much. Good morning, Your Honors. May it please the court. Jacqueline Sahlberg for the United States. Your Honors, I want to address your first question about the sealed information. The government's concern is the minor victim's name, and so I don't think that is coming up in court today. I didn't hear an argument and it won't come out of my mouth. Your Honors, in this case, the district court issued reasoned decisions following briefing and argument that kept appropriate guardrails on this trial, protecting the rights of the defendant as well as the minor victim. Across the issues from evidentiary determinations through sentencing, the district court acted well within its discretion following this court's precedent and guidance in doing so. This court should affirm the conviction and sentence. Turning to the evidentiary issues that you were just discussing, the federal rules of evidence do not produce mirror images of what information from a defendant and a victim's past is admissible at trial. These issues are governed by different rules and produce different results, and this is a feature of the federal rules of evidence. It's not a flaw of this trial. Turning to the 404B that was just being discussed, I want to make one thing very clear. There was no stipulation on the elements in this trial. Yes, in opening, the defense said that the main issue would be the knowledge, but there was no stipulation, and because of that, the government had the duty and burden of proving all of the elements of this charge. Turning also, Your Honor, to your questions about the conviction itself. The conviction itself and the facts surrounding the conviction that came in under 404B as related to ST. The conviction itself in that document goes to the sufficiency of the evidence before the jury. That is an important factor when considering 404B evidence, and the jury needs to be able to know that this conduct occurred, but more than that, it's not just the conviction. It's all the facts surrounding this conviction that create why this is so important to admit under 404B and why the district court didn't abuse its discretion. So we're talking about someone who was convicted for this crime, admitted on the stand in this trial that they knew that the victim was underage, and they knew that once they were over the age of 18, they should not have been having sexual relations with this victim. It's also a discussion about the sex offender treatment, Your Honor, and the government in cross used this information as a basis for notice. The defendant was on notice that he shouldn't be having sexual relationships with minors. On the point the defense made... It seems to me that the conviction itself, in addition to the story that led to the conviction, that the conviction itself becomes cumulative, and you disagree because the conviction shows that the story was true. Am I summarizing that fairly? Yes, Your Honor. I disagree for two reasons. One is that the conviction itself does go to the sufficiency of the evidence that this was ST, that there was a conviction here, and the defendant knew. Beyond that... Was there a dispute by the defense? I mean, I know the defense didn't want that story to get in front of the jury at all, but once it did, did the defense dispute that that incident happened? No, Your Honor. This information came in during the defense's case. And so when the government is in the position of proving the case in chief, proving all of the elements, that is when this information is coming in, and that is where the government has to be proving these elements before the jury. It has that burden. It has that duty. Your Honor, on this point... Of course, I mean, I guess to tease that out a little bit, how that could have gone is the court could have allowed under 404B this incident to come in, the government presents information about the course of events and what happened, and then the defense has an opportunity to challenge that or not before you make a call about whether the conviction itself comes in. Your Honor, I think that is an approach that a court could take. I think the court acted well within its discretion here, and courts could act differently in deciding that the evidence could be admitted this way. And I don't believe there was an argument in the record. In fact, there wasn't from defense that there would be this alternate approach. And so that wasn't before the district court. Certainly, different courts could make different decisions, but this was well within the court's discretion. Your Honor, on the point the defense made about the district court's decision being solely focused on modus operandi, that is not true. That is what the district court says in its decision in the record at page 29, but on page 23 of that very decision, the district court says that these 404B prior bad acts could come in for intent, knowledge, and lack of mistake. That's page 23. I believe it's a paragraph in the middle of the page, the second sentence. That mirrors exactly what was in the government's notice on this issue. It mirrors instruction 15, which was the limiting instruction on this issue, and it mirrors the government's opening on this issue as well. It was clear throughout that this information was not coming in just on this basis. It was intent, knowledge, and lack of mistake altogether to be considering this information. Your Honor, turning to the issues as related to 412, 412 is a case where there are exceptions. Defense here is focused on two buckets of evidence, the runaway information and the incident with Mieswander. Defense said that she had lied about her age. There is no finding by the district court that she lied about her age, and indeed the district court said by all accounts that she had not shared information on her age. Is that accurate, though, because isn't it a fact of the case that he found her on a website where she had to represent that she was over 18? Your Honor, that is in the record, but that is not the only information in the record, which is why the district court on page 287 of the record says by all accounts she never discussed her age. He found that holding someone's information out online was different than what they said, and it's just a disputed fact whether or not she was even on that site. So there are two places that the court can look for that fact being disputed. The first is on the record, page 282, comparing paragraphs 23 and 25. The minor victim disputed how they met, with Mieswander saying that they met via the adult dating website that you were just discussing, and the minor victim saying that they met via a family friend. Your Honor, this is drawn in the underlying record from ECF 68-1, and it's the page that is bait-stamped Malone 800. On the runaway information, Your Honor, the defense sought to admit this information pursuant to Rule 412, and as the district court considered what information should come in under Rule 412, was very careful to consider what information the defense would need in order to be able to cross the victim on the information that is constitutionally relevant. So thinking about bias, thinking about prejudice, and thinking about ulterior motives. And that's why the information that came in was about her lies. It was about lying to Cleaver about her age. That information came in, and the defense was able to use that information. What did not come in was information that didn't go to his ability to be able to cross the victim. So her runaway information didn't go to her truthfulness. And it was much of it inherently intertwined with her prior sexual conduct in a way that was really going to cause problems with Rule 412. Before you complete, I would like to talk just briefly about the undue influence of a minor sentencing enhancement. I mean, it does seem that that enhancement is duplicative of the behavior that you need to just have the conviction at all. I understand that there's a presumption that applies when you've got an age difference of at least 10 years, but that's a rebuttable presumption. So can you describe for me what you think in the record supports, in addition to the age difference, supports coercion? Yes, Your Honor. I think we can look to a number of factors here. One, which the district court relied on, was defendants' bribes of the victim. That includes, when we're talking about those bribes, the offer of $100 for sex. It includes gifts of vapes, cell phones, and alcohol. And is that evidence mostly coming in through the victim's own testimony at trial, or do you have other sources? The $100 also comes in through the defendant, Your Honor. And I'll see while we're talking if I can pull a quick site on that for you. But that $100 does come in through the defendant as well. So that $100 is a fact that the defendant was 10 years older. He's also incessantly contacting her. These conversations, if you look at the Facebook transcript, they're fairly one-sided. He's the one constantly introducing sexual information, pictures, explicit videos. There's also information like his promises to take care of her, offering her a place to stay, aiding her in running away, discussing his past, and so on. So, Your Honor, you're right that there are going to be cases where this undue influence enhancement may not include those types of factors. Cases where maybe it's not as appropriate. But here, given all of these factors, factors that occurred through the Facebook messages, facts that the defendant admitted to, and the broader scheme of this conduct, the District Court was well within its discretion in concluding that this enhancement applied. Unless there are any further questions, the government asks this Court to affirm the conviction and sentence. Thank you. Thank you, Counsel. Let's have two minutes for rebuttal. Two minutes. Thank you, Your Honor. As to the undue influence enhancement, I think we've rebutted that in this case. The testimony of X is that she wasn't influenced by these gifts or the offer of money. She found the constant contact with Mr. Malone to be irritating and off-putting. I don't know if you can summarize it that simply because I went back and read through her relevant testimony at trial, and she specifically mentions that while it started off as mutual discussion and interest, he became very one-sided and obsessive and was constantly contacting her. She also talks specifically about once or twice her mother took her phone away, and so he bought her a new phone because he was frustrated by the inability to communicate with her. Doesn't that show action on his side to drive this relationship? Well, there's certainly action on his side, Your Honor, but the question is, did this influence her to have sex with him? And the evidence is, no, it did not. She found this constant contact from Mr. Malone to be irritating and off-putting. And if you look at the record, the instances that she says that sexual contact occurred, she initiates the contact in all those instances. If you're disputing that he had any undue influence, doesn't that undercut your argument that the other prior act evidence is not probative? I mean, if he has a pattern of similar conduct with minor victims, why wouldn't that be probative of his intent to exercise undue influence over minor victims? Well, an intent to exercise undue influence, it's not an element of the crime. It's an element of the sentencing enhancement. So it wouldn't be admissible at the trial. Thank you so much.
judges: RAWLINSON, FORREST, SUNG